**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANDRE PALO JOURNET, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-666 |
| | § | |
| MARK MAULDING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Andre Palo Journet, representing himself, has sued Mark Maulding; Terry Ramey; Joe Westman; Kelly Williams; and Stericycle, Inc., asserting Title VII violations based on race discrimination and retaliation. (Docket Entry No. 1). Journet, an African American, alleges that he worked as an Environmental Specialist at Stericycle between May 2015 and May 2018, and that he was discriminated and retaliated against, and eventually fired, because of his race. (Docket Entry No. 1 at 4–5). The individual defendants—Mark Maulding, Terry Ramey, Joe Westman, and Kelly Williams—have moved to dismiss for failure to state a plausible claim because "the Fifth Circuit has clearly held that 'there is no individual liability for employees under Title VII.'" (Docket Entry No. 12 at 3 (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002))). Journet did not respond.

The individual defendants are correct. Because "[i]ndividual employees cannot be sued under Title VII in either their individual or official capacities" as a matter of law, the court dismisses the claims against Mark Maulding, Terry Ramey, Joe Westman, and Kelly Williams, with prejudice and without leave to amend. *Udeigwe v. Tex. Tech Univ.*, 733 F. App'x 788, 792 n.6 (5th Cir. 2018); *see Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Tr.*, 709 F. App'x 243, 248

(5th Cir. 2017) ("Individuals are not liable under Title VII in either their individual or official capacities." (quotation omitted)); *Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir. 2008) ("This court has repeatedly rejected any individual liability under Title VII."); *Ackel v. Nat'l Comm'cns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2002) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("[A] party may not maintain a suit against both an employer and its agent under Title VII."); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) ("[I]ndividuals who do not otherwise qualify as an employer cannot be held liable for a breach of title VII.").

SIGNED on July 1, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge